Jeremy S. Golden (SBN 228007)
LAW OFFICES OF ERIC F. FAGAN
2300 Boswell Rd., Suite 211
Chula Vista, CA  91914
jeremy@efaganlaw.com
Phone: 619-656-6656; Fax: 775-898-5471
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MIREILL BEAUJARDIERE | ) | Civil Case No. |
| | ) | |
| Plaintiff | ) | **COMPLAINT AND DEMAND** |
| v. | ) | **FOR JURY TRIAL (Unlawful** |
| | ) | **Debt Collection Practices)** |
| WORLDWIDE ASSET | ) | |
| PURCHASING, LLC, a corporation; | ) | |
| and DOES 1 through 10 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

**I.  INTRODUCTION**

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff MIREILL BEAUJARDIERE ("Plaintiff") is a natural person residing in California.

4. Defendant WORLDWIDE ASSET PURCHASING, LLC ("WAP") is a Nevada company doing business in this state of collecting consumer debts owed to another with its principal place of business located at 5300 West Sahara Ave. Ste 101, Las Vegas, NV 89146.

6. Defendants, including Does 1 through 10 inclusive are engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.§1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts that injured the Plaintiff.

8. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal,

beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C.§1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C.§1692a(5).

11. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

12. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### IV. FACTUAL ALLEGATIONS

13. In 2002, Plaintiff experienced financial difficulties; in or around December, 2002 she made her last payment on a Bank of America credit card account (the Account).

14. At no time after December 31, 2002 did Plaintiff make a payment on the Account, make arrangements for payment, or make any charges on the Account. Further, Bank of America did not extend credit on the Account after that date.

15. At some point, unknown to Plaintiff, WAP acquired information regarding Plaintiff and the Account.

16. WAP tried to collect the outstanding balance on the Account from Plaintiff by causing its attorney to file an action against Plaintiff on April 25, 2007 in the Superior Court of California, County of San Francisco Case No. CGC-07-462746 (the Action) for $2,983.60.

17. The Action was time-barred, as it was filed beyond the statute of limitations.

18. On or about June 27, 2007 Plaintiff filed an answer to the Action and alleged as Affirmative Defenses, inter alia, that the Action was barred by the statute of limitations.

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**

19. Regardless, WAP continued to prosecute the Action knowing that the Action had no merit.

20. Plaintiffs propounded written discovery requests to WAP, which it failed to answer; instead, it dismissed the Action on September 7, 2007.

21. As a result of the acts alleged above, Plaintiff suffered emotional distress. Further, Plaintiff was forced to incur legal expenses in defense of the Action.

22. The acts complained of above are part of a pattern and practice of harassment by WAP.

## V.  FIRST CLAIM FOR RELIEF

**(Against All Defendants for Violation of the FDCPA)**

23. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following actions taken against Plaintiff:

(a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

(b) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(c) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(e) Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means to attempt to collect or attempt to collect a debt;

    (f)    Defendants violated 15 U.S.C. §1692f (1) by attempting to collect an amount not authorized by agreement or permitted by law.

25. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF
**(Against All Defendants for Violation of the Rosenthal Act)**

26. Plaintiff repeats, realleges and incorporates by reference all of foregoing paragraphs.

27. The Defendants violated the Rosenthal Act by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

28. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

29. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

    (c) Actual damages; and

    (d) For such other and further relief as the Court may deem just and proper

//

Dated October 24, 2007

                                    _____/S/ Jeremy S. Golden_____
                                    Jeremy S. Golden,
                                      Attorney for Plaintiff Mireill Beaujardiere

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated October 24, 2007

                                    _____Jeremy S. Golden_____
                                    Jeremy S. Golden,
                                    Attorney for Plaintiff Mireill Beaujardiere

**COMPLAINT AND DEMAND FOR JURY TRIAL (UNLAWFUL DEBT COLLECTION PRACTICES)**